UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMINDO A. ROACH,<br><br>                              Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HOUSING AUTHORITY (NYCHA) and LOCAL 237, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>                              Defendants. | 23-CV-8135 (JGLC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

      This case was referred to Magistrate Judge Netburn for general pretrial purposes and all dispositive motions. *See* ECF No. 12. Defendants moved to dismiss. ECF Nos. 36, 41. On May 6, 2025, Judge Netburn issued a Report and Recommendation recommending that claims against Defendant Local 237 be dismissed with prejudice, that Title VII, NYSHRL, and NYCHRL claims of race-based discrimination and retaliation against Defendant NYCHA be dismissed with prejudice, that Title VII, NYSHRL, and NYCHRL hostile work environment claims be dismissed without prejudice, and that Plaintiff be denied leave to amend claims except for the hostile work environment claims against NYCHA. ECF No. 56 ("R&R"). On May 22, 2025, Plaintiff filed a delayed Objection. ECF No. 58 ("Obj."). Defendants do not object, with Local 237 filing a response to Plaintiff's Objection. ECF No. 60.

      In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no

timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

The Court has reviewed the motion papers, the R&R, the Objection, and Local 237's response, and finds the R&R to be well-reasoned and grounded in fact and law. Plaintiff's Objection, framed as an "amended claim," offer no legal basis to reject the R&R. Obj. at 5.

Plaintiff expresses disagreement with the R&R, noting that claims should not be dismissed as time-barred because Defendant Local 237 did not assist him at NYCHA and did not provide him with the transparency to sue Defendant Local 237. Obj. at 5. However, as the R&R notes, Plaintiff "knew or reasonably should have known that Local 237 breached its duty to represent him after he left NYCHA employment." R&R at 6. Plaintiff's argument about Local 237's failure to assist and lack of transparency is unavailing.

Plaintiff also claims that he filed an EEOC charge against both NYCHA and Local 237 on January 4, 2022. Obj. at 5–6. But, as the R&R observed, that EEOC Charge of Discrimination was only against NYCHA and does not name or reference Local 237. R&R at 9.

Finally, Plaintiff asks the Court to allow the race-based discrimination claim to proceed "as they all will provide a substantial background showing how, why and where the hostile work environment came about." Obj. at 5. Plaintiff is free to include background information about race-based acts when he amends his hostile work environment claims against NYCHA. But, for

2

the reasons stated in the R&R regarding Plaintiff's race-based discrimination claims, Plaintiff may not assert claims other than for hostile work environment. *See* R&R at 12–13.

Accordingly, the R&R is ADOPTED in full. Local 237's motion to dismiss is GRANTED. Claims against Local 237 are DISMISSED with prejudice. NYCHA's motion to dismiss is GRANTED. Race-based discrimination claims against NYCHA are DISMISSED with prejudice. Hostile work environment claims against NYCHA are DISMISSED without prejudice. Plaintiff is GRANTED leave to amend *only* with respect to hostile work environment claims under Title VII, the NYSHRL, and the NYCHRL against NYCHA.

The Clerk of Court is directed to terminate ECF Nos. 36 and 41.

Dated: August 22, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3