UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMINDO A. ROACH,

Plaintiff,

-against-

NEW YORK HOUSING AUTHORITY, et al.,

Defendants.

23-CV-8135 (JGLC) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

This motion to dismiss was referred to Magistrate Judge Netburn for a Report and Recommendation. *See* ECF Nos. 68, 72. In the Report and Recommendation filed on July 14, 2026, Magistrate Judge Netburn recommended that the motion be granted. *See* ECF No. 77.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 77. In addition, the Report and Recommendation expressly called Plaintiff's

attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the motion and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. The Report and Recommendation thoroughly analyzes why Plaintiff fails to state his hostile work environment claims and why—especially since Plaintiff has already amended his complaint twice—those claims should be dismissed with prejudice. *See* ECF No. 77. The Court agrees with Judge Netburn's analysis. Accordingly, the Report and Recommendation is ADOPTED in its entirety. Plaintiff's Second Amended Complaint is DISMISSED with prejudice.

In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 72, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 1, 2026
New York, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge